# IN THE COURT OF APPEALS OF TENNESSEE
## AT MEMPHIS
### January 23, 2008 Session

## MARC A. SCHWARTZ v. JAMES NEELY, COMMISSIONER OF LABOR & WORKFORCE DEVELOPMENT OF THE STATE OF TENNESSEE, ET AL.

### Direct Appeal from the Chancery Court for Shelby County
### No. CH-07-0067     Walter E. Evans, Chancellor

### No. W2007-01862-COA-R3-CV - Filed February 28, 2008

This appeal arises from the denial of Plaintiff's claim for unemployment benefits by the Tennessee Department of Labor and Workforce Development.  We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; and Remanded

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and W. FRANK CRAWFORD, J., joined.

Dan Norwood and Jerry H. Schwartz, Memphis, Tennessee, for the appellant, Marc A. Schwartz.

Robert E. Cooper, Jr., Attorney General and Reporter, and Lauren S. Lamberth, Assistant Attorney General, for the appellee, James Neely, Commissioner of Labor & Workforce Development of the State of Tennessee.

Colby S. Morgan, Jr., Memphis, Tennessee, for the appellee, Federal Express Corporation.

### MEMORANDUM OPINION[1]

This dispute concerns the denial of Plaintiff's claim for unemployment benefits.  The facts giving rise to this case are largely undisputed.  Beginning January 2002, Plaintiff Marc A. Schwartz

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

(Mr. Schwartz) was employed as a ramp agent with Defendant Federal Express ("Fed Ex"). On August 19, 2006, Mr. Schwartz was "partying" at the home of a friend, Martin Lichterman (Mr. Lichterman), a former Fed Ex employee. At approximately 1:00 a.m., Mr. Lichterman asked Mr. Schwartz for the personal cell phone number of Jason Fisher (Mr. Fisher), Mr. Schwartz's manager at Fed Ex. Mr. Schwartz provided Mr. Fisher's telephone number, and Mr. Lichterman proceeded to place an undisputedly rude, obscene and threatening message on Mr. Fisher's voice mail. Mr. Fisher retrieved the message at approximately 7:00 a.m. Mr. Fisher notified Fed Ex security. Mr. Lichterman was identified as the caller and, when questioned, stated that he and Mr. Schwartz had been drinking together when Mr. Lichterman placed the call. When Mr. Fisher questioned Mr. Schwartz about the incident, Mr. Schwartz initially denied any knowledge. When Mr. Fisher told Mr. Schwartz that he knew the call had been placed by Mr. Lichterman, and that Mr. Schwartz and Mr. Lichterman had been together the previous evening, Mr. Schwartz admitted to providing Mr. Fisher's telephone number and to knowing about the phone call. Ultimately, Fed Ex terminated Mr. Schwartz's employment on August 23, 2006.

In September 2006, Mr. Schwartz filed a claim for unemployment benefits with the Tennessee Department of Labor and Workforce Development ("the Department"). On his "claimant separation worksheet," Mr. Schwartz noted that he had been discharged for "violation of company policy." The Department denied Mr. Schwartz's claim upon determining he had been terminated for work-related misconduct and that, as a student at Southwest Tennessee Community College, he was not available for full-time employment during working hours. Mr. Schwartz appealed the Department's decision to the Appeals Tribunal. Following a telephone hearing on November 14, 2006, the Appeals Tribunal determined Mr. Schwartz was available for work as required by Tennessee Code Annotated § 50-7-302(a)(4). However, it affirmed the Department's denial of benefits based on work-related misconduct under Tennessee Code Annotated § 50-7-303(a)(2). Mr. Schwartz appealed the Appeals Tribunal's determination to the Board of Review, which affirmed.

Mr. Schwartz petitioned for review in the Chancery Court for Shelby County pursuant to Tennessee Code Annotated § 50-7-304(i). The only issue presented for the trial court's review was whether the Mr. Schwartz's claim for unemployment benefits was properly denied on the basis of work-related misconduct under Tennessee Code Annotated § 50-7-303(a)(2). Following a hearing on April 20, 2007, the trial court affirmed the decision of the Board of Review. Mr. Schwartz filed a timely notice of appeal to this Court. We affirm.

### *Issue Presented*

The issue as presented by Mr. Schwartz in his brief to this Court is:

Whether a current employee's act of giving a former employee the phone number of the current employee's supervisor, where the supervisor is a known acquaintance of the former employee, the current employee is off-duty and not on employer property when he gives the former employee the supervisor's number, and the former employee uses the phone number to make an inappropriate phone call to the

supervisor, is misconduct connected with work that justifies denial of unemployment benefits under Tennessee Code Annotated § 50-7-303(a)(2).

### Standard of Review

Tennessee Code Annotated § 50-7-304(i)(2)-(3) provides the standard of review to be utilized by the courts when reviewing the Board of Review's determination. The code provides:

> (2) The chancellor may affirm the decision of the board or the chancellor may reverse, remand or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:
> (A) In violation of constitutional or statutory provisions;
> (B) In excess of the statutory authority of the agency;
> (C) Made upon unlawful procedure;
> (D) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
> (E) Unsupported by evidence that is both substantial and material in the light of the entire record.

Tenn. Code Ann. § 50-7-304(i)(2)(2005 & Supp. 2007). The statute further states that "[n]o decision of the board shall be reversed, remanded or modified by the chancellor, unless for errors that affect the merits of the final decision of the board." Tennessee Code Annotated § 50-7-304(i)(3)(2005 & Supp. 2007). Accordingly, if there is substantial evidence in the record to support the determination of the Board of Review, the Board's determination is conclusive and the court's review is confined to questions of law. *Ford v. Traughber*, 813 S.W.2d 141, 144 (Tenn Ct. App. 1991)(citations omitted). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept to support a rational conclusion and such as to furnish a reasonably sound basis for the action under consideration." *Id. (quoting Southern Ry. Co. v. State Bd. of Equalization*, 682 S.W.2d 196, 199 (Tenn.1984) (citations omitted)). This Court must employ the same standard of review as the trial court. *Id.*

### Analysis

In his brief to this Court, Mr. Schwartz asserts that, as a matter of law, he did not engage in employee misconduct merely by providing Mr. Fisher's telephone number to Mr. Lichterman while off duty and off Fed Ex property. He asserts that, although he does not dispute the propriety of his termination from Fed Ex, there is no basis for the finding that his termination was "work-related" for the purpose of Tennessee Code Annotated § 50-7-303. Mr. Schwartz's argument, as we perceive it, is that his admitted initial dishonesty when questioned by Mr. Fisher about the voice mail left by Mr. Lichterman was not an element in Fed Ex's decision to terminate his employment; that he was terminated only for violating Fed Ex's Acceptable Conduct Policy as applied to the threatening phone call; that this violation and his dishonesty were merely an exercise in bad judgment; that the

violation of the conduct policy does not constitute work-related misconduct; and that the Department's denial of his claim was not predicated on his dishonesty when initially questioned about the incident. We disagree.

The August 23, 2006, letter to Mr. Schwartz terminating his employment for violation of Acceptable Conduct Policy 2-5 states:

> The investigative findings confirmed that you were involved in an incident of placing a phone call to member of management and leaving and obscene and threatening voicemail. Your inappropriate behavior and dishonesty when questioned about your involvement is unacceptable.
>
> *Your contribution to this incident was a direct violation of the Acceptable Conduct Policy 2-5. Therefore, your employment with FedEx is being terminated effective August 23, 2006.*

We must disagree with Mr. Schwartz's assertion that the termination letter does not indicate that his dishonesty when questioned about the phone call played no part in Fed Ex's decision to terminate his employment. Clearly, the dishonesty was part of the "incident" in its entirety. After considering the entire incident, including Mr. Schwartz's initial dishonesty when questioned by Mr. Fisher, the Appeals Tribunal determined Mr. Schwartz was "guilty of work related misconduct as defined by the statute because [he] violated the spirit of the employer's policy regarding threats." Although we agree with Mr. Schwartz that the Appeals Tribunal did not explicitly include the word "dishonesty" in its findings, which were adopted by the Board of Review, in light of the hearing before the Appeals Tribunal and the entire record in this case, Mr. Schwartz's dishonesty clearly was an element in the consideration of his claim.

Assuming Mr. Schwartz's only role in the placing of the threatening phone call to Mr. Fisher was an error of judgment in providing Mr. Fisher's cell phone number to Mr. Lichterman, Mr. Schwartz's dishonesty when questioned by his manager is clearly work-related misconduct. The Appeals Tribunal arguably should have been more explicit in its finding with respect to this aspect of Mr. Schwartz's involvement in this "incident." However, in light of the entire record in this case, we find no "errors that affect the merits of the final decision of the board" as required for reversal of the Board's decision under Tennessee Code Annotated § 50-7-304(i)(3).

### *Holding*

In light of the foregoing, the judgment of the trial court is affirmed. Costs of this appeal are taxed to the Appellant, Marc A. Schwartz, and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE